# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNATHAN GIVENS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-12448** |
| **DILLARD UNIVERSITY** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiffs Johnathan Givens and Jovan Lambey's (collectively, the "plaintiffs") *ex parte* motion[1] for a temporary restraining order. For the following reasons, the motion is denied.

## I.

The plaintiffs move for a temporary restraining order enjoining the defendant, Dillard University ("Dillard"), from denying plaintiffs admission to classes and dormitories pending further hearing on this matter.[2] Plaintiffs are seniors at Dillard and were accused of rape by another Dillard student based on an alleged sexual encounter that occurred on April 20, 2019.[3] Plaintiffs were arrested by the New Orleans Police Department on April 25, 2019, but have not been charged with any crime to date.[4]

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 10.
[3] R. Doc. No. 10-1, at 2.
[4] *Id.*

Plaintiffs were suspended from Dillard in either late April or early May of 2019 pending a Title IX investigation.[5] Although plaintiffs sought a meeting with Dillard officials on May 13, 2019 to appeal their suspensions, no request for an appeal has been granted to either plaintiff.[6] Dillard has not conducted a Title IX investigation as it was waiting until the criminal matter resolved to start the review process.[7]

Plaintiffs enrolled in classes for the fall semester and secured on-campus housing using their athletic scholarships and financial aid through what appears to be Dillard's electronic enrollment service.[8] Plaintiffs argue that "Dillard tacitly made a decision regarding Plaintiff's [sic] status when allowing them admission for the fall 2019 semester," and "Dillard cleared Plaintiffs to return to classes on campus."[9] Plaintiffs further argue that Dillard "granted [and] then denied housing and class schedules under the guise of conducting a Title IX investigation."[10] Finally, plaintiffs argue that Dillard's conduct is causing them irreparable harm as they may be dropped from classes and lose tuition and housing, notwithstanding the fact that they are not allowed on campus.[11]

Because of Dillard's alleged failure to conduct a fair, impartial investigation in a timely manner, alleged failure to provide adequate resolution to plaintiffs under 34 C.F.R. § 668.46(k)(3)(i)(A), and Dillard's alleged negligence in clearing plaintiffs for a

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 3; R. Doc. No. 1, at 13–16.
[9] R. Doc. No. 9 at 4.
[10] R. Doc. No. 10, at 1.
[11] R. Doc. No. 10-1, at 3 & 4.

return to campus, and then reversing its decision,[12] plaintiffs seek a temporary restraining order enjoining Dillard from denying them access to dormitories and classes.

## II.

Pursuant to Federal Rule of Civil Procedure 65(b)(1),

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

As an initial matter, plaintiffs served defendant and provided it with sufficient notice.[13] Plaintiffs submitted a verified complaint seeking a preliminary injunction, permanent injunction, and damages, but then submitted an unverified amended complaint, adding their request for a temporary restraining order.[14] Resolving the issue of whether the first complaint's verification can apply to the amended complaint is unnecessary, because plaintiffs have failed to prove their entitlement to a temporary restraining order.

A temporary restraining order is an extraordinary remedy that may only be granted if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the requested relief will result in

---

[12] R. Doc. No. 9, at 4 & 5.
[13] *See* R. Doc. No. 14.
[14] R. Doc. No. 1, at 7–9; *see* R. Doc. No. 9.

3

irreparable harm; (3) that the threatened injury outweighs any damage that the order may cause the opposing party; and (4) that the order will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991); *see also Howell v. Lake Villas No.2 Homeowners* Association, No. 18-14332, 2019 WL 95472, at *2 (E.D. La. Jan. 3, 2019) (Africk, J.) (citing *Palmer v. Fox Broadcasting Corp.*, No. 02-108, 2002 WL 31027440, at *1 (E.D. La. Jan. 15, 2002) (Vance, J.)). The movant "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Injunctive relief is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.").

The plaintiffs have failed to meet their burden. They argue that, without injunctive relief, "they are literally without permanent housing and means to provide sustenance."[15] However, accepting all of the plaintiffs' allegations as true, even if the Court were to find the existence of a substantial threat of irreparable harm, the plaintiffs have failed to address the first, third, and fourth elements entirely. They have not even attempted to argue that they are substantially likely to prevail on their claims, that their injury outweighs any damage that the order may cause Dillard, and that the public interest is not disserved by granting their motion; nor have they provided evidence to prove the same. *See PCI Transp., Inc. v. Fort Worth & Western*

---

[15] R. Doc. No. 10-1, at 1.

4

*Ry. Co.*, 418 F.3d 535, 546 (5th Cir. 2005) ("The plaintiff has the burden of introducing sufficient evidence to justify the grant of a preliminary injunction."). As a result, the plaintiffs have not established the prerequisites for injunctive relief.

### III.

Accordingly,

**IT IS ORDERED** that the motion for a temporary restraining order is **DENIED.**

New Orleans, Louisiana, September 6, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**